**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-02980-NYW

KEASON BURRELL COX,

    Applicant,

v.

MR. DEAN WILLIAMS,
MR. MARK FAIRBURN, Ark Valley AVCF,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER TO DISMISS IN PART AND FOR ANSWER**

---

Applicant Keason Burrell Cox ("Applicant" or "Mr. Cox") is in the custody of the Colorado Department of Corrections. On November 16, 2022, Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. 1]. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that certain filing deficiencies that it required be cured if Applicant wished to pursue any claims in this action. [Doc. 3]. In response to the Court's Order, Mr. Cox filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 asserting 49 claims challenging the validity of his conviction and sentence in Colorado State Court for Jefferson County District Court case number 04CR3243. [Doc. 4].

On February 2, 2023, the Court ordered Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if they intend to raise either or both of those defenses in this action. [Doc. 8]. On March 13, 2023, Respondents filed their Pre-Answer

Response asserting that some of Applicant's claims are procedurally barred, but they did not intend to assert a defense of untimeliness. [Doc. 15]. Applicant did not file a Reply to the Pre-Answer Response despite having been given the opportunity to do so. *See* [Doc. 8 at 2]. On May 5, 2023, the Court ordered Respondents to file a copy of the relevant state court record. [Doc. 17]. Respondents filed a copy of the state court record on May 30, 2023. [Doc. 18].

The Court must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part and order Respondent to file an Answer on the merits.

## BACKGROUND

Applicant was convicted by a jury of two counts of first-degree murder and two counts of violent crime for shooting and killing his girlfriend and her friend, and was sentenced to two consecutive terms of life in prison without the possibility of parole in Colorado State district court for the Jefferson County, Colorado ("state court" or "trial court"). [Doc. 15-2 at 2; Doc. 15-10 at 2]. Applicant filed a direct appeal of his conviction, and the Colorado Court of Appeals affirmed the judgment. [Doc. 15-2]. The Colorado Supreme Court denied certiorari. [Doc. 15-3].

Applicant then filed, *pro se,* a Colo. R. Crim. P. 35(c) postconviction motion asserting 80 claims of ineffective assistance of both trial and appellate counsel. [Doc. 15-13 at 9–12; State Court Record at 964–1011]. The state court subsequently appointed a Public Defender who then filed a supplemental Rule 35(c) motion asserting seven claims of ineffective assistance of trial counsel. [Doc. 15-13 at 3–9; Doc. 15-10 at 2–3]. The postconviction trial court denied all of the claims in both the *pro se* motion and the counseled supplemental motion on the merits. [Doc. 15-

2

14].

Applicant appealed, through counsel, the trial court's denial of the Rule 35(c) motion and supplemental motion. [Doc. 15-4; Doc. 15-6]. He asserted only the following four claims on appeal:

(1) Trial counsel failed to adequately prepare for the trial by investigating and interviewing key witnesses and had inadequate time to adequately prepare for trial;

(2) Trial counsel failed to request a *Shreck* hearing or otherwise challenge the admissibility of the prosecution's expert witness on crime scene reconstruction;

(3) Trial counsel failed to challenge the admissibility of Colorado Rules of Evidence 404(b) evidence related to a failed drug deal or seek a ruling on the previously filed motion challenging that evidence;

(4) Trial counsel failed to present evidence that one of the victims had previously stabbed him, which would have supported his self-defense claim. [Doc. 15-6 at 7–8].

The Colorado Court of Appeals affirmed the lower court's denial of those four claims on the merits. [*Id.* at 7–16]. The Colorado Court of Appeals also ruled that the additional claims which Applicant had raised in his motion and supplemental motion in the lower court, but did not raise on appeal, were deemed abandoned. [*Id.* at 16–17 (citing *People v. Rodriguez*, 914 P.2d 230, 249 Colo. 1996))]. The Colorado Supreme Court denied certiorari review. [Doc. 15-7].

Applicant then filed, *pro se*, a second Rule 35(c) motion, asserting multiple claims of ineffective assistance of trial counsel and direct appeal counsel, as well as claims of ineffective assistance of his postconviction counsel who had filed the prior supplemental Rule 35(c) motion. [Doc. 15-10 at 3; State Court Record at 1124–1154]. The state court denied the motion as successive. [Doc. 15-10 at 3; State Court Record at 1164]. On appeal, the Colorado Court of

3

Appeals affirmed. [Doc. 15-10]. The Colorado Court of Appeals ruled that the claims of ineffective trial counsel and direct appeal counsel were successive because Applicant "raised them, or could have raised them, on appeal in his first Rule 35(c) motion. *See* Crim. P. 35(c)(3)(VI), (VII)." [*Id.* at 4]. The Colorado Court of Appeals determined that the claims of ineffective postconviction counsel were not successive but that they nonetheless failed on their merits. [*Id.* at 4–15]. Applicant filed a petition for rehearing, which was denied, [Doc. 15-11], and the Colorado Supreme Court denied certiorari review, [Doc. 15-12].

Applicant initiated this habeas corpus action on November 16, 2022, and filed the present Application on December 21, 2022. [Doc. 4]. He asserts the following 49 claims for relief:

> 1. The trial court reversibly erred in holding no hearing to evaluate and make findings concerning the reliability of expert conclusions purportedly based on the scientific method that devasted Applicant's defense of self-defense;
>
> 2. The trial court reversibly erred by issuing a provocation instruction concerning self-defense that was unsupported by the evidence. This instruction misleadingly suggested that Applicant lost his right to self-defense before the incident occurred;
>
> 3. The trial court reversibly erred by admitting irrelevant evidence that Applicant's ex-girlfriend felt she would be in danger after trial; this evidence encouraged the jury convict Applicant not because he was guilty but to protect his ex-girlfriend;
>
> 4. Assuming for the sake of argument that the errors listed in arguments 1-3 do not give rise to reversible error when considered individually, their cumulative impact does;
>
> 5. Trial counsel (Canney and Mulligan) failed to invoke Applicant's right to speedy trial, filed dilatory motions to delay trial, and induced Applicant's request for substitution of counsel for their own professional benefit;
>
> 6. Trial counsels' (Canney and Mulligan) acts and omissions regarding Applicant's speedy trial rights rendered the district attorney a tactical advantage;
>
> 7. Trial counsel (Canney and Mulligan) put their interests before that of their client's and abandoned Applicant by coercing him to make statements for substitute counsel in order to avoid a conflict of interest;

4

8. Trial counsel (Barnicle and Bowers) failed to conduct pretrial investigations sufficient to prepare for trial, relied on pretrial motions and failed to present a coherent defense, and failed to consult Applicant about testifying at trial;

9. Trial counsel (Barnicle) failed to adequately prepare for trial by conducting her own investigation and relied on the deficient pretrial investigation of counsel she had replaced regarding the exclusion of the state's expert;

10. Trial counsel (Barnicle) failed to seek suppression of phone records or otherwise conduct an adequate pretrial investigation and present the full context of the conversation between Applicant and Hernandez and the impetus for her statements;

11. Trial counsel (Barnicle) failed to object to the state's provocation instruction that was consistent with the state's theory and the evidence supporting the alleged motive and failed to adequately prepare for self-defense by supporting it with two violent armed attacks by the victim at trial;

12. Appellate counsel was ineffective for failing to argue *Batson* error;

13. Postconviction counsel was ineffective for failing to raise obvious claims of error and file amended claims;

14. Counsel had inadequate time to prepare for trial;

15. Failure to pursue appropriate pretrial motions;

16. Failure to interview witnesses;

17. Failure to elicit evidence that the alleged victim had stabbed Applicant on previous occasions;

18. Failure to use all peremptory challenges permitted by law;

19. Failure of trial counsel to ensure a fair jury (*Batson*);

20. [Trial] court's summary dismissal of Applicant's postconviction motion [on successive grounds] implies that it failed to review postconviction counsel's performance, which amounts to reversible error;

21. Postconviction counsel was ineffective for the purpose to which he was appointed and Applicant was deprived of relief to which he's entitled;

22. Postconviction counsel was ineffective in failing to demonstrate prejudice from trial counsel's errors;

23. Postconviction counsel was ineffective in failing to demonstrate prejudice from appellate counsel's errors;

24. Counsel rendered constitutionally deficient performance when they did not continue to attempt to obtain a hearing pursuant to *People v. Shreck,* 22 P.3d 69 (Colo. 2001);

25. Counsel rendered constitutionally deficient performance when they failed to renew an objection to the prosecution's CRE 404(b) motion concerning evidence of a $50,000 drug deal gone bad;

26. Counsel rendered constitutionally deficient performance when they did not adequately prepare to cross-examine witnesses by having them interviewed;

27. Failed to object to the crime scene evidence and other grounds restated in the Public Defender's Supplemental motion;

28. Did not secure bail;

29. Improperly waived Applicant's presence at a hearing;

30. Failed to investigate witnesses or evidence;

31. Failed to receive a continuance;

32. Problems between Applicant and counsel; Problems about the change of counsel;

33. Problems with trial counsel including inability of trial counsel to have time to prepare which is covered in Public Defender Supplement and other issues pertaining to the relationship between counsel and Applicant;

34. Disagreements with trial strategy;

35. The trial court should have granted a continuance;

36. Admission of evidence through witnesses who should have been excluded;

37. Admission of other-act evidence;

38. Admission of expert Cindy Burbach testimony;

39. Ineffective assistance of counsel not raised on appeal;

40. Cumulative error;

41. Improper denial of defense's jury instruction;

42. [Trial] Court improperly told the jury that Applicant's theory of the case instruction was Applicant's theory of the case instruction;

43. Prosecutorial misconduct for playing an audio recording admitted into evidence;

44. Allowing admission of Applicant's jail calls;

45. Trial court allowed the witnesses to answer jury questions;

46. Improper admission of victim's bank statement;

47. Lack of foundation for the admission of photographs;

48. Trial court admitted evidence over defense objections as to relevance, cumulative nature and not to scale; and

49. Trial court failed to grant motion for judgment of acquittal.

[*Id.* at 9–17].

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, Rules Governing § 2254 Cases; *see Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005). Pursuant to Rule 4, this Court proceeds to consider the Respondents' arguments with respect to whether certain causes of action are cognizable in this action.

**I.     Claim 20 is Not Cognizable**

Respondents assert that Claim 20 should be dismissed for lack of federal jurisdiction. In Claim 20, Applicant contends that the state court erred in denying his second postconviction motion as successive under state procedural law. Applicant's claim that the state court misapplied state law is not cognizable in this habeas action because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502

U.S. 62, 67–68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; *see also Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that 'a mere error of state law' is not a denial of due process."). Furthermore, the state court's interpretation of state law "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Claim 20 therefore is properly dismissed as not cognizable in this habeas corpus action.

## II.     Claims 13, 21, 22, and 23 Are Not Cognizable

Applicant asserts ineffective assistance of his postconviction counsel in Claims 13, 21, 22, and 23. However, the ineffectiveness of postconviction counsel cannot serve as the basis for habeas relief. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). There is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir. 1998). Consequently, Claims 13, 21, 22, and 23 asserting ineffective assistance of postconviction counsel will be dismissed as not cognizable in this habeas corpus action.

## III.    Exhaustion and Procedural Default

### A.     Legal Standards

In order to obtain federal habeas corpus review, a state prisoner must have exhausted the remedies available in state court. 28 U.S.C. § 2254(b), (c); *Baldwin v. Reese*, 541 U.S. 27, 29

(2004); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).  To do so, the applicant must have "fairly present[ed]" his or her claim "in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim."  *Baldwin*, 541 U.S. at 29; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  Fair presentation in Colorado requires that the federal issue be presented properly to the Colorado Court of Appeals.  *See Ellis v. Raemisch*, 872 F.3d 1064, 1082 (10th Cir. 2017) (holding that Colo. App. R. 51.1(a) only requires a habeas petitioner to fairly present a claim to the Colorado Court of Appeals to have exhausted all available state remedies).

Additionally, under the "procedural default" doctrine, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it "was firmly established and regularly followed."  *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

    **B.**    **Claims 1–4 Are Exhausted**

Claims 1–4 are trial-court-error claims which Respondents acknowledge were "raised on

direct appeal and denied on the merits, so they are exhausted." [Doc. 15 at 23].

###    C.    Claims 5–12, 15, 18, 19, 26-29, 31–34, and 39 are Procedurally Defaulted

Claims 5–12, 15, 18, 19, 26–29, 31–34, and 39 are claims of ineffective assistance of trial and appellate counsel.[1]  *See* [Doc. 4 at 10–16]. None of these claims were raised in Applicant's appeal of the denial of the first Rule 35(c) motion. *See* [Doc. 15-6 at 7–8]. All of the claims raised in Applicant's Rule 35(c) motions except the four claims raised on appeal were deemed either abandoned or barred as successive under Rules 35(c)(3)(VI) and (VII) by the Colorado Court of Appeals. *See* [*id.* at 16–17; Doc. 15-10 at 4].

The Colorado Court of Appeals regularly follows the procedural rule that claims raised in the state district court but not properly presented on appeal are deemed abandoned. *See Rodriguez,* 914 P.2d at 249 ("[The defendant's] failure to specifically reassert on this appeal all of the claims which the district court disposed of . . . constitutes a conscious relinquishment of those claims which he does not reassert."); *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) (same). Rules 35(c)(3)(VI) and (VII) are independent because they rely on state rather than federal law. Rules 35(c)(3)(VI) and (VII) also are adequate because they are applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494–95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal

---

[1] Respondents state that Claims 5–12, 15, and 26 are claims of ineffective assistance of postconviction counsel, *see* [Doc. 15 at 15], but that is not how the claims read, *see* [Doc. 4 at 10–12, 14 (reciting claims)].

habeas review).   Thus, this Court respectfully concludes that Claims 5–12, 15, 18, 19, 26–29, 31–34, and 39 are procedurally defaulted and cannot be considered unless Applicant demonstrates cause and prejudice or a fundamental miscarriage of justice.  *See Jackson*, 143 F.3d at 1317.

A "fundamental miscarriage of justice" means that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 495–96.  This standard requires an applicant to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  As a result, fundamental miscarriages of justice are "extremely rare."  *Id.*  Here, Applicant has made no showing of cause and prejudice or a fundamental miscarriage of justice.

Respondents state in their Pre-Answer Response that Applicant conceivably could seek to demonstrate cause for the unexhausted ineffective assistance of trial counsel claims based on the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012).  In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. 1 at 17.[2]  "[T]he purpose of the *Martinez* rule is to guarantee that prisoners receive at least one full and fair review of their ineffective assistance of trial counsel claim." *Perez v. Archuleta*, No. 15-cv-02552-RBJ-CBS, 2017 WL 4621731, at *21 (D. Colo. Aug. 4, 2017).  However, "it is [the applicant's] burden to establish grounds to excuse a procedural

---

[2] The equitable exception in *Martinez* does not apply to claims of ineffective assistance of appellate counsel.  *Davila v. Davis*, 582 U.S. 521, 530 (2017).

11

default." *Pack v. Heimgartner*, 857 F. App'x 992, 993 (10th Cir. 2021) (citing *Martinez*, 566 U.S. at 10).   Here, Applicant has not met his burden.   He does not contend that *Martinez* excuses his default, or even mention *Martinez*, even though he had the opportunity to do so in a Reply. He fails to identify any specific ineffective assistance of trial counsel claim asserted herein which was not raised in the district court postconviction proceedings.   Applicant has not demonstrated cause for his procedural default of the unexhausted ineffective assistance of counsel claims.

Applicant also fails to present any argument demonstrating that a failure to consider the merits of any of the defaulted claims will result in a fundamental miscarriage of justice.   As a result, Claims 5–12, 15, 18, 19, 26–29, 31–34, and 39 are procedurally barred.

### D.  Claims 14, 16, 17, 24, 25, and 30 Are Exhausted

Claims 14, 16, 17, 24, and 25, and 30 are the claims that were raised on direct appeal of the first Rule 35(c) motion and denied on the merits, so they are exhausted.[3]   *See* [Doc. 15-6 at 7–8].

### E.  Claims 35–38 and 40–49

Respondents state that Claims 35–38 and 40–49 are "ineffective assistance of appellate counsel claims denied on direct appeal as procedurally barred under state law because they were 'abandoned' on appeal."   [Doc. 15 at 19–20].   However, the Court reads these claims as trial-court-error claims, not ineffective assistance of appellate counsel claims.   *See* [Doc. 4 at 15–17 (reciting claims)].   Thus, the claims will not be dismissed at this juncture.   Respondents may

---

[3] Respondents acknowledge that claims 14, 17, 24, and 25 were raised on the first postconviction appeal and were denied on the merits.  *See* [Doc. 15 at 17 ("The CCA then denied those four claims, Claims 14, 17, 24, and 25, on the merits; thus, those four claims are exhausted.")]. However, Claim 16 (failure to interview witnesses) is encompassed within the first of those four claims (trial counsel failed to adequately prepare for the trial by investigating and interviewing key witnesses and had inadequate time to adequately prepare for trial), and, again, that claim was denied on the merits on appeal.  *See* [Doc. 15-6 at 8–9].   Claim 30 merely repeats Claim 16.

present any additional arguments concerning exhaustion with respect to Claims 35–38 and 40–49 in their Answer.

## CONCLUSION

For the reasons discussed above, it is **ORDERED** that:

1. Claims 13, 20, 21, 22, and 23 of the Application are **dismissed with prejudice** as not cognizable;

2. Claims 5–12, 15, 18, 19, 26–29, 31–34, and 39 of the Application are **dismissed with prejudice** as procedurally barred;

3. Within thirty (30) days from the date of this Order, Respondents shall file an Answer that fully addresses the merits of claims 1–4, 14, 16, 17, 24, 25, 30, 35–38 and 40–49; and

4. Applicant may file a Reply within thirty (30) days from the date that Respondents file their Answer.

DATED this 29th day of June, 2023.

BY THE COURT:

_____
Nina Y. Wang
United States District Judge