IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02980-NYW

KEASON BURELL COX,

      Applicant,

v.

MR. DEAN WILLIAMS;
MR. MARK FAIRBURN, Ark Valley AVCF; and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER

---

Applicant Keason Burell Cox ("Applicant" or "Mr. Cox") is in the custody of the Colorado Department of Corrections. The matter before the Court is Applicant's Motion for Leave to File a Second Amended Application for a Writ of Habeas Corpus ("Motion" or "Motion to Amend"), [Doc. 38]. The Court must construe Applicant's pleadings and other filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Cox commenced this 28 U.S.C. § 2254 habeas corpus action pro se on November 16, 2022, asserting 49 claims challenging the validity of his state conviction and sentence. [Doc. 1]. On June 29, 2023, the Court entered an order of partial dismissal. [Doc. 22]. As a result of the June 29, order, the claims which remain in this action are claims 1–4, 14, 16, 17, 24, 25, 30, 35–38,

and 40–49.  *See* [*id.* at 13].  Respondents have filed an Answer addressing the merits of those operative claims.  [Doc. 30].

In his Motion to Amend, Mr. Cox states requests leave to file an amended application which "will present a more succinct and consolidated brief, ideally into a handful[] of related claims addressing only the issues the Court has already approved for further litigation." [Doc. 38 at 2].  The Court respectfully **DENIES** the Motion.  It is not necessary for Applicant to file an amended pleading re-asserting "only the issues the Court has already approved for further litigation," [Doc. 38 at 2], to present his causes of action in a more succinct manner.  If he wishes to voluntarily dismiss any of the claims which remain in this action, or streamline his arguments, Mr. Cox shall so inform the Court in his Reply brief, identifying by claim number the claim or claims he wishes to voluntarily dismiss and/or the theories he wishes to abandon.  Indeed, to the extent that Mr. Cox does not respond to all of Defendants' properly supported arguments, the Court may deem such factual and/or legal issues confessed.  *Cf. Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019) (citing *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994)) (explaining that because the habeas applicant failed to respond to an argument raised by the state, the court would "treat any non-obvious responses he could have made as waived and assume the state's . . . analysis [wa]s correct").  Applicant is reminded that his Reply brief is due on November 13, 2023.  *See* [Doc. 36].

Accordingly, **IT IS ORDERED** that:

(1)     Applicant's Motion for Leave to File a Second Amended Application for a Writ of Habeas Corpus, [Doc. 38], is **DENIED**; and

(2)     The Clerk of Court is **DIRECTED** to mail a copy of this order to:

2

Keason Burell Cox
#65154
Buena Vista Correctional Facility (BVCF)
P.O. Box 2017
Buena Vista, CO 81211

DATED:  October 23, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge

3